## W. H. BYBEE v. THE STATE.

No. 15631.   Delivered February 15, 1933.
Reported in 57 S. W. (2d) 129.

The opinion states the case.

*Jeff A. Fowler* and *B. F. Reynolds,* both of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, imprisonment in the penitentiary for life.

The facts in this case show apparently an unprovoked killing of an officer who was in the discharge of his duty at a public dance. While appellant was dancing a pistol fell out of his clothes and was observed by a number of people. The officer mentioned was present and in uniform, and had on an officer's badge. He was notified by parties who observed the pistol incident referred to, and later told appellant that he wanted to see him on the outside. The two men walked outside, and the officer said to appellant, "You are under arrest," and laid his hand on him. Appellant said, "Wait a minute," and pushed deceased away, and threw his right hand down to his side and pulled a pistol, and when the officer reached for his pistol appellant caught him by the right hand. At this time one Harry Roberts walked up to appellant's left side with a pistol in his hand and began shooting at the officer. Witnesses testified that when Roberts fired the first shot deceased was getting his gun out, and that appellant had his pistol in his hand when Roberts fired. Appellant turned and ran downstairs, and was later arrested some miles away.

594

The court submitted the case to the jury upon the theory of principals. Appellant requested a charge submitting the theory that if deceased in attempting to arrest appellant did not disclose his authority, and the defendant did not know he was an officer, the defendant had a right to resist such arrest. Appellant also requested the further charge, in effect, that a person has the right under the law to resist an unlawful arrest by an officer, and that an officer in attempting to make an unlawful arrest is guilty of an assault, and that the person assaulted has a right to use whatever force is necessary to protect himself against such assault, and that if in this case the jury believed deceased made an effort to draw his pistol, or did draw it, while attempting to execute an unlawful arrest, that appellant would be justified in grabbing the arm of deceased and in drawing his own pistol if it reasonably appeared to him at the time that it was necessary for him to draw said pistol in order to prevent deceased from killing him or inflicitng serious bodily injury upon him. We find nothing in the record supporting either of said charges, or justifying the giving of same. We find no suggestion of an unlawful arrest, or of any force or attempted force on the part of the officer prior to the shooting by Roberts. Appellant did not testify, nor put in evidence the fact that he did not know deceased, and did not know that he was an officer, or that deceased was acting in such way as to give rise to justification on the part of appellant or Roberts upon the theory that an unlawful arrest was being attempted.

Appellant also asked a special charge upon the law of circumstantial evidence, which was also refused. We find nothing in evidence calling for a charge on circumstantial evidence. It was in direct testimony that appellant dropped his pistol, and that he was seen by a number of people to do so. Witness Parrish testified that a few minutes after this appellant said to him, "I pulled a foolish stunt by dropping my gun," and witness said, "Yes, I seen you." This witness said he saw Roberts, the party who did the shooting, talking to appellant, and heard him say he hoped they (evidently meaning the officers) would jump him, he would see how many brass buttons he could shoot off. Roberts said, "Stay in there, I am with you." This was about a half hour before the dance broke up. It was in direct testimony that at the time the officer told appellant he would have to arrest him, appellant drew his pistol and had it in his hand when Roberts walked up and shot the officer. It was in direct testimony that after appellant drew his pistol at the time of his arrest and when deceased attempted

to draw his pistol, that appellant caught deceased by the hand; he, appellant, having his pistol out at the time and having it pointed toward deceased when the latter was shot by Roberts. We think these facts establish by direct testimony the presence and the participation of appellant and his acting together with Roberts at the time of the fatal shooting.

We find in the record some exceptions taken to the court's charge, but whether same were taken before or after the argument, or at what time same were taken, is not made to appear. Our statute is very explicit in requiring that the exceptions be taken before the charge is read to the jury and before the argument is begun. No complaint of any matter in the charge is made by bill of exception. We find in the record no bill of exception to anything done during the trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*